[Civ. No. 9752.   Third Dist.   Mar. 17, 1960.]

HAZEL VESTAL, Respondent, v. STATE PERSONNEL BOARD et al., Appellants.

Stanley Mosk, Attorney General, John O. Fourt and Willard A. Shank, Deputy Attorneys General, for Appellants.

James H. Phillips for Respondent.

PEEK, J.—The respondent State Personnel Board appeals from an order of the trial court directing it to set aside its decision dismissing petitioner Hazel Vestal from her position as a psychiatric technician at the Modesto State Hospital.

On November 28, 1955, petitioner received written notice of dismissal, which action was based on her complicity in the death of one Grace Belill, a patient at the abovementioned hospital. She filed a notice of appeal with the board and a hearing was thereupon held. Pursuant to a stipulation of counsel the matter was submitted to the board on the testimony given before it and upon the record in the case of *People* v. *McCaughan*, 49 Cal.2d 409 [317 P.2d 974], a manslaughter prosecution in which the jury had found petitioner not guilty but found McCaughan guilty.

After reviewing the record of the aforementioned criminal proceeding, the board found that McCaughan (plaintiff's co-defendant in that proceeding) was attempting to spoon-feed the patient Belill, that Belill was resisting McCaughan's efforts; that McCaughan placed food in Belill's mouth, then held the patient's head back and placed a towel over the lower part of her face so that both her nose and mouth were covered; that petitioner herein assisted in this process by holding the wrists of the patient; that she was aware of the method of spoon-feeding adopted by McCaughan; and that the death of Belill was proximately caused by the feeding, i.e., due to asphyxiation resulting from the aspiration of vomitus into the bronchi and trachea. Based on these facts the board also found that petitioner's actions violated subdivisions (b), (c), (d), (n) and (s) of section 19572 of the Government Code, and that therefore she was properly dismissed from state service.

Petitioner then sought a writ of mandate from the Superior Court of Sacramento County to compel the board to reinstate her to her former position. After a hearing thereon the court issued the same on the theory that the findings of the board were not supported by the record. From its memorandum opinion it appears that the court below impliedly rejected the testimony of three witnesses, Ethel Carter, Rose Davis and Rose Adele Blackwood, on the ground that they were not mentally competent. These witnesses were all inmates of the institution and were the only persons called by the prosecution to testify to the facts surrounding the feeding.

On this appeal the board contends that these witnesses were competent; that there was ample evidence to support its conclusions; and, finally, that the superior court erred in that it failed to find that petitioner's claim for back salary was barred by section 19630 of the Government Code.

■■■ The record of the criminal proceeding shows that after

taking expert testimony of several psychiatrists concerning the competency of said witnesses to testify and subjecting each witness to extensive *voir dire* examination, the court ruled they were competent. But for the stipulation, petitioner could have raised the issue of the competency of said witnesses at the hearing before the board, but she did not. Instead, through her counsel, she stipulated that the matter be submitted on the record of the criminal proceeding. We hold that this stipulation was sufficiently broad to cover the issue of the competency of these witnesses, and thus we are precluded from reviewing the same on this appeal. (*People* v. *Wallin,* 34 Cal.2d 777, 781 [215 P.2d 1] ; *People* v. *Frankfort,* 114 Cal.App.2d 680, 700 [251 P.2d 401].) Even if this issue were properly before us, our scope of review would extend only to the determination of whether or not the court abused its discretion in admitting the testimony of the three witnesses. (*People* v. *McCaughan, supra,* 49 Cal.2d 409.) From an examination of the record before us we cannot say that there was such an abuse of discretion, and therefore under either of the above approaches we must hold that Davis, Carter and Blackwood were competent witnesses. Once granting that the testimony of the three inmates was competent, it seems clear that there is substantial evidence in the record to support the circumstances surrounding the death of Belill as found by the board. (*Shepherd* v. *State Personnel Board,* 48 Cal.2d 41 [307 P.2d 4].) This is so even though there are minor inconsistencies in the facts as related by each of the above-named witnesses.

There remains the further problem of whether or not the petitioner's participation in the feeding of Belill amounted to a violation of section 19572 of the Government Code which sets out the basis upon which the board may take punitive action against a civil service employee. As mentioned at the outset of this opinion, the board found that petitioner's conduct violated subdivisions (b) incompetency; (c) inefficiency; (d) inexcusable neglect of duty; (n) discourteous treatment of the public; and (s) any other failure of good behavior which is incompatible with or inimical to the public service.

Preliminarily it is to be noted that the punitive action taken by the board in this case was based on each and every one of the grounds enumerated above. This is significant because a finding couched in such terms prevents a reviewing court from remanding the case to the board if any one of the causes for their action is substantiated by the evidence. (*Genser* v. *State Personnel Board,* 112 Cal.App.2d 77 [245 P.2d

1090].) Although it is patent that several of the causes cited by the board find not even a scintilla of proof in the record, e.g., discourteous treatment of the public, it is equally clear that others are well supported by the record—inefficiency, incompetency and especially inexcusable neglect of duty. Since we cannot say that there is not at least one of the causes for dismissal supported by the record, we must conclude that petitioner was properly dismissed from her position as psychiatric technician at the Modesto State Hospital.

Also since we have concluded that petitioner was properly dismissed, it necessarily follows that she had no right to back salary.

The order is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 11, 1960.